IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Eastern Division

---

| | |
|---|---|
| DOUGLAS BAKER § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | No._____ |
| § | JURY DEMANDED |
| WINDSOR REPUBLIC DOORS § | |
| § | |
| Defendant. § | |

---

**FIRST AMENDED COMPLAINT**

---

COMES THE PLAINTIFF, Douglas Baker, filing this First Amended Complaint against Windsor Republic Doors and showing:

## I. PARTIES, JURISDICTION, AND VENUE

1. Douglas Baker is a citizen and resident of Carroll County, Tennessee.

2. Windsor Republic Doors is a foreign corporation doing business in the state of Tennessee. It is an "employer" and a "person" as those terms are defined by the Tennessee Handicap Act (THA) and Tennessee Human Rights Act (THRA), Tenn. Code Ann. 4-21-101 *et. seq.* (THRA).

3. Jurisdiction is proper under 28 U.S.C. §1332 for diversity of citizenship as a controversy between citizens of different states where the amount in controversy exceeds $75,000. Venue is proper in this court under 28 U.S.C. §1391(a).

## **II.    FACTUAL BASES FOR SUIT**

4.    Plaintiff is an individual with a "disability," "record of," or "perceived disability," as those terms are defined by the THRA.

5.    Following heart surgery, Plaintiff was returned to work by his doctor with a return to work date of January 9, 2006.  Due to limitations from the heart surgery, Plaintiff and his physician advised Defendant that Plaintiff should avoid contact with electrical current or magnetic fields.  Accordingly, Plaintiff made a good faith request for a reasonable accommodation.

6.    Plaintiff was able to work, with or without a reasonable accommodation.

7.    Instead of returning Plaintiff to work, however, Defendant considered Plaintiff to be a danger to himself or others.  Instead of reassigning Plaintiff or at least accommodating Plaintiff in a temporary position to preserve his income, Defendant totally left Plaintiff without work and income while it pondered for over six months (continuing through this date).  As a result, to this date, Defendant still has not implemented any reasonable accommodations which would alleviate its fears and preserve Plaintiff's livelihood.

8.    As a result of Defendant's continuing discrimination, retaliation, and/or denial of reasonable accommodations, Defendant has left Plaintiff without any work from January of 2006 through the present date and continuing into the future.  As a result, Plaintiff has been virtually ruined financially and presently faces losing his home.

9.    Because Defendant has not timely and promptly returned Plaintiff to work, with or without reasonable accommodations, Plaintiff has no choice but to bring this action for injunctive and monetary relief under the THRA.

10. As a result of Defendant's violations of the THRA, Plaintiff has suffered loss of his wages (back pay and front pay), loss of his benefits, and emotional and financial distress. He seeks these damages, along with a request for injunctive relief of full reinstatement. He seeks his attorneys fees and costs.

### III.   CAUSES OF ACTION

11. Plaintiff brings the following causes of action:

    A. <u>THA/THRA</u>

        1. Discrimination because of Plaintiff's "disability" (actual, record, and/or perceived);

        2. Retaliation for requesting a reasonable accommodation; and

        3. Failure to Reasonably Accommodate.

12. A jury is demanded.

Respectfully submitted,

_____s/Justin S. Gilbert_____
Justin S. Gilbert
TN Bar No. 017079
Michael L. Russell
TN Bar No. 20268
**Gilbert & Russell, PLC**
2021 Greystone Dr.
P. O. Box 11357
Jackson, TN 38308
Telephone: 731-664-1340
Facsimile: 731-664-1540

ATTORNEYS FOR PLAINTIFF